J. M. STRAWN et al., Appellees, v. INDEPENDENT SCHOOL DIS-
TRICT OF INDIANOLA et al., Appellees; W. W. RIPPER et al.,
Interveners, Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Elections—Illegal Votes—Ef-
    fect. The reception of illegal votes at an election becomes unim-
    portant when such votes are insufficient to change the result.

**Headnote 1:** 35 Cyc. p. 990.

*Appeal from Warren District Court.*—W. S. COOPER, Judge.

APRIL 7, 1925.

ACTION to declare school election fraudulent, illegal, and
void, and for an order restraining and enjoining the school
board from issuing bonds for the erection of a school building.
Defendants prevailed below, and interveners appeal.—*Affirmed.*

*Reson S. Jones,* for interveners, appellants.

*Clark & Byers* and *A. W.* and *Phil R. Wilkinson,* for plain-
tiffs, appellees. ·

*J. O. Watson* and *Frank P. Henderson,* for defendants,
appellees.

ALBERT, J.—On the 10th day of March, 1924, the defendant
school district held a special election, to vote on the proposition
of the issuance of $175,000 worth of bonds, for the construction
and equipment of a school building and for a site therefor.   The
result of the election, as determined and announced by the elec-
tion board, was that the proposition was carried by a majority
of 99 votes.

On the 27th of March, 1924, this action was instituted by
plaintiffs, who were taxpayers in the school district, questioning
the validity of said election, and claiming generally that many
of the electors of the school district wrongfully and with sinister
motives conspired and confederated together, with the intent,

purpose, and design of influencing many unqualified electors to vote in favor of said proposition; and that many unqualified electors were permitted to and did vote in said election, sufficient to overcome the majority as announced by the canvassing board. Two other taxpayers intervened, and in their petition allege substantially the same as the original plaintiffs.

The matter came on for trial, and developed the following situation. It appears that Simpson College is within the boundaries of the defendant district, with a large attendance of students; and it is claimed that many of these students were induced to vote at said election. It is the claim of plaintiffs and interveners that many, if not all, of the students thus voting were not entitled to vote at said election. A list of students so voting was attached to the petitions, and a large number of the students were examined as witnesses in the case. A few of them show by their examination that they were not entitled to vote; but the number thus found is not large enough to in any way affect the result of said election. In other words, if the number of illegal votes cast were deducted from the majority proclaimed by the election board, there would yet be a sufficient majority of votes in favor of the proposition to carry the same.

It would do no good to review in detail the testimony of these various witnesses; and the law is well settled in the case as to the question of a right to vote, and needs no citation of authority. The district court made a finding herein, in which it states that only five of the votes in question were in doubt; and we are disposed, after a review of the record, to agree with him.

We said, in *Powers v. Harten,* 183 Iowa 764, in substance, that, in order to defeat an election, it must appear that the successful ticket received such a number of illegal votes that, if they were rejected, the majority would be brought down below that necessary to the election.

The district court entered judgment dismissing plaintiffs' petition, and also judgment against the interveners.

We find no error in the record. The case is, therefore, affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.